IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DALE E. McCORMICK,**
                      **Petitioner,**

       **v.**                                    **CASE NO. 06-3098**

**PHIL KLINE, et al.,**
                      **Respondents.**

**MEMORANDUM AND ORDER**

    This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. The filing fee was paid. Petitioner seeks to challenge his convictions in the District Court of Douglas County, Kansas, of possession of marijuana and obstruction of official duty. <u>State of Kansas v. McCormick</u>, Case No. 00 CR 604 (Douglas Co. Ct.). He indicates the charges arose from his refusal to exit his vehicle during a traffic stop to be searched "for identification" and weapons, and the discovery of marijuana on his person. He argued to the state courts that he had a constitutional right under the First, Fourth, Fifth and Fourteenth Amendments to refuse to submit to the officer's allegedly "illegal search order." He was sentenced on February 14, 2001, to an underlying prison term of 11 months with 12 months probation.

    Petitioner alleges he is "presently serving" a sentence of 195 months, which was imposed in Douglas County District Court in April, 2004; and that his direct appeal of the 2004 convictions is currently pending before the KCOA. The KASPER inmate information sheet shows only the 2004 convictions as the basis

for petitioner's current incarceration.

**PROCEDURAL HISTORY**

On the charges underlying his 2001 convictions, petitioner's first jury trial ended with a hung jury and in a mistrial. He was convicted by a jury at his second trial. He appealed his 2001 convictions to the Kansas Court of Appeals (KCOA), which affirmed in an unpublished opinion dated December 20, 2002. State v. McCormick, App. Case No. 86774 (KCOA, Dec. 20, 2002). Petitioner alleges he asserted the following grounds in this direct appeal: (1) the trial court erred by not suppressing certain evidence, (2) K.S.A. 21-3808, the obstruction offense statute, is void for vagueness and unconstitutionally broad, (3) the trial court "infringed upon petitioner's right to counsel," (4) due process was violated, (5) the trial court "abrogated petitioner's right to confront certain witnesses, (6) the trial court erred by restricting petitioner's closing argument, (7) the trial court erred by not using petitioner's proposed jury instructions, (8) the evidence was insufficient, (9) prosecutorial misconduct, (10) denial of speedy trial, (11) the trial court erred by not providing meaningful responses to jury questions, (12) the ex post facto clause was violated, (13) he was deprived of appellate counsel, and (14) certain jury instructions were clearly erroneous. The KCOA stated that McCormick had raised 17 issues on appeal. McCormick filed a Petition for Review with the Kansas Supreme Court, which he alleges raised all the same grounds and was denied without

2

opinion on March 24, 2003.  Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 6, 2003.

Petitioner thereafter filed a Motion to Set Aside Verdict pursuant to K.S.A. 60-1507 in the Douglas County District Court in February, 2004.  He alleges he raised two grounds: (1) that his convictions were invalid because he "at no point gave a valid waiver to his right to counsel," and (2) newly discovered evidence was previously concealed by the State which undermined the convictions.  This Motion was denied without a hearing on April 21, 2004.  Petitioner appealed the denial to the KCOA.  The KCOA affirmed the denial on September 2, 2005.  <u>State v. McCormick</u>, App. Ct. Case No. 92497 (KCOA, Sept. 2, 2005, unpublished).  Petitioner has attached a copy of the opinion to his pleading.  The Kansas Supreme Court denied his Petition for Review without opinion on December 20, 2005.

**CLAIMS**

McCormick executed the Petition filed in this case on March 27, 2006.  In his federal Petition, he outlines six main grounds for habeas relief, although several of those grounds contain multiple claims.  As his first ground[1], petitioner claims K.S.A. 21-3808 is "unconstitutional as applied," facially over broad, and/or void for being impermissibly vague.  He states he exhausted this claim on direct appeal.

As his second ground, McCormick claims he "never waived his

---

[1] Petitioner designates his six main grounds as (a) through (f).

3

right to counsel." In support of this claim, he alleges he proceeded pro se at both his trials with stand-by counsel. He further alleges that the trial court never informed him of "the dangers and disadvantages of proceeding pro se," the nature of the charges, the statutory punishments, possible defenses or mitigating circumstances, or "any of the factors" he claims must have been made clear for him to have validly waived his right to counsel.

Petitioner states he did not raise this claim on direct appeal because he was deprived of appointed appellate counsel, and never waived his right to counsel on appeal. He alleges he presented this claim to the Kansas courts in his 1507 proceedings.

As his third ground for this action, petitioner alleges there was "substantial prosecutorial misconduct." He subdivides this ground into 4 claims. Those claims are that the prosecutor (1) improperly referred to statements that had been suppressed pretrial[2], (2) shifted the burden of proof to petitioner[3], (3) improperly cross examined petitioner; and (4) his closing argument was prejudicial and improper.

Under the 4th claim above regarding closing argument, petitioner complains of 5 actions on the part of the prosecutor: (a) he "compounded prejudice" by repeatedly stating petitioner had asserted the police officers were lying, (b) he "vouched for"

---

[2] Petitioner alleges this claim was exhausted in his direct appeal.

[3] Petitioner alleges he raised this claim to the KCOA and the Kansas Supreme Court, but does not state if it was on direct appeal or during his 1507 proceedings.

4

the credibility of the State's primary witnesses and the State's case, (c) he improperly stated his personal opinion by pronouncing defendant guilty of both charges, (d) he testified to facts not in evidence in response to petitioner's closing comment that the marijuana container had not been fingerprinted, and (e) he inflamed passion by stating petitioner was dangerous during the stop.

Petitioner admits he did not exhaust state court remedies on his claims of prosecutorial misconduct during cross-examination and closing [third ground, claims (3) and (4) above], but alleges it was because he was denied counsel on appeal and had little or no knowledge regarding prosecutorial misconduct.

As his fourth main ground for relief, petitioner claims the jury instructions at his trial "were contrary to federal law." In particular, he challenges Instructions No. 9 and No. 7. Petitioner alleges he objected to these instructions, raised these claims on appeal to the KCOA and "believes" he raised them in his Petition for Review. However, he does not state if these claims were raised on direct appeal or during his appeal in the 1507 proceedings.

As his fifth ground for relief, McCormick claims the trial court failed to "meaningfully answer" questions asked by the jury during deliberations. The questions concerned the jury instructions on the officer's request for petitioner to exit the vehicle and whether his request was lawful. Petitioner alleges he objected at trial and exhausted his state court remedies on this claim. However, he again fails to state whether he raised

5

this claim during his direct appeal or through the 1507 proceedings.

As his sixth main ground, petitioner alleges the trial court "abrogated" his right to present a defense and to confront witnesses. In state court, he argued in support of this claim that the trial court violated his right to confront witnesses by not allowing him to call the prosecutor as a witness regarding the probable cause affidavit used to initiate the marijuana charge. He alleges he exhausted state court remedies on this claim without delineating if it was during his direct or 1507 appeal.

Petitioner has embedded several other claims within his sixth main ground: (1) the trial court improperly denied three of his requests for particular jury instructions, and as a result the jury was not instructed on his theory of the case, plus the court should have given a self defense instruction, even though he did not request one; (2) during his second trial the court refused to allow evidence of injuries inflicted upon petitioner by the two police officers during the vehicle stop and search; (3) the trial court erred in disallowing evidence that Farrar had repeatedly been reprimanded by the Lawrence Police Department for performing inadequate investigations; and (4) the trial court sustained several "unfounded" objections during his cross-examination of Officer Farrar, which resulted in the denial of his confrontation rights. On these embedded claims, petitioner alleges he exhausted state court remedies during his direct appeal.

6

**"IN CUSTODY" REQUIREMENT**

From the allegations in the Petition and attachments, the court finds petitioner should be required to show cause why this action should not be dismissed for two reasons. The first reason is McCormick appears to no longer be "in custody" on his 2001 convictions. 28 U.S.C. 2254 provides that a writ of habeas corpus is available to "a person in custody pursuant to the judgment of a State court" if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 399 (2001); Maleng v. Cook, 490 U.S. 488, 490 (1989). Petitioner challenges his 2001 convictions only. He shall be given time to show the court whether or not he is currently "in custody" by reason of the 2001 convictions he seeks to challenge. He must inform the court if the sentences on those convictions have expired. This action may be dismissed on this basis alone depending on the facts presented by petitioner in his response to this Order.

**EXHAUSTION OF STATE COURT REMEDIES**

The second reason to dismiss this action is that petitioner admits he has not satisfied the statutory prerequisite of exhaustion of state court remedies on some of his claims. Under 28 U.S.C. 2254(b)(1)(A), a federal court may not reach the merits of a Petition containing a claim that was not exhausted in state court. Rhines v. Weber, 544 U.S. 269, 273 (2005); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004); Rose v. Lundy, 455 U.S.

7

509, 510 (1982)(federal district court "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims.")[4]. The court finds from the allegations of the Petition that petitioner has not exhausted state court remedies on all his claims, and the Petition is therefore "mixed."

**SHOW CAUSE TO PETITIONER TO DISMISS OR AMEND**

Even though the court may not adjudicate this mixed petition, it must determine how to proceed in this case. In Rose, the Supreme Court held that when a petitioner files a mixed petition, the district court must either (1) dismiss the action allowing petitioner to return to state court to exhaust his unexhausted claims, or (2) allow petitioner to amend the Petition to present only the exhausted claims to the federal district court.[5] Rose, 455 U.S. at 510.

Determining the best way to proceed has become more complicated since 1996, when a strict statute of limitations was enacted for filing 2254 Petitions. It is well recognized that dismissing a mixed petition now, even without prejudice, could

---

[4] The Supreme Court recently reiterated its holding in Rose that "federal district courts must dismiss mixed habeas petitions." Pliler v. Ford, 542 U.S. 225, 230 (2004). The Court also held in Pliler that federal courts are not required to advise habeas petitioners who file mixed petitions of the consequences under 28 U.S.C. § 2244(d)(1) of a dismissal of the mixed petition to permit exhaustion of unexhausted claims. Id., at 245-247. Rather, the Court concluded that "Rose requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition." Id., at 247.

[5] It is also clear that the court may deny the entire Petition on the merits, if it plainly fails to state a claim. Moore v. Schoeman, 288 F.3d 1231, 1235-36 (10th Cir. 2002). However, the court is not authorized to adopt a hybrid approach. Id.

jeopardize the timeliness of a subsequent federal Petition filed after total exhaustion in the state courts. Rhines, 544 U.S. at 275. Contemplating this dilemma, the Supreme Court in Rhines noted the federal district court has discretion to stay a mixed petition and "hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Once exhaustion is completed, the stay may be lifted and the petitioner may proceed in federal court.

However, the Supreme Court in Rhines strictly limited the availability of the stay and abeyance procedure, finding the purposes of AEDPA's statute of limitations could be undermined if it was used too frequently[6]. Id. at 277. The Court thus held that stay and abeyance is only appropriate when the district court makes certain findings, including determinations that good cause existed for the petitioner's failure to exhaust and that the unexhausted claims are potentially meritorious. Id.

Petitioner does not allege sufficient facts in this case to show good cause for his failure to exhaust state court remedies on all his claims. His conclusory allegations that he did not exhaust some claims because he was not provided appellate counsel are not credible, without more, given the fact that he chose to represent himself at trial and was able to raise numerous claims in two appeals. His conclusory allegations that he had little or no knowledge of the legal viability of some of his claims are likewise insufficient to show good cause.

---

[6] The Court recognized that the use of a stay and abeyance procedure might detract from, rather than further, the goals of the AEDPA to reduce delays in the execution of state and federal criminal sentences" and to ensure the finality of state court judgments.

When a court is presented with a mixed petition and it does not appear that stay and abeyance is appropriate, then the court should allow the petitioner an opportunity to amend his Petition to delete the unexhausted claims and to proceed in federal court with the exhausted claims. Rhines, 544 U.S. at 278, citing Lundy, 455 U.S. at 520 ("A petitioner can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims."). Petitioner will be given the option and time to amend his Petition to state only those claims which have been totally exhausted in the state courts. If he does not amend his Petition to state only exhausted claims within the time allotted, it shall be dismissed as a mixed Petition, without prejudice, to allow him to return to state court to totally exhaust his claims.

**STATUTE OF LIMITATIONS**

Under 28 U.S.C. 2244(d)(1)(A), a federal habeas petition must be filed within one year of the date the prisoner's state court conviction(s) "became final by the conclusion of direct review or the expiration of the time for seeking such review." From allegations in the Petition, it appears the one-year limitations period began to run in petitioner's case on October 6, 2003, when his Petition for Certiorari was denied. Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). The limitations period would have expired a year later absent statutory or equitable tolling.

However, under 28 U.S.C. 2244(d)(2), the limitation period is statutorily tolled during the pendency of a "properly filed

10

application for State post-conviction or other collateral review." Id. Thus, it appears the limitations period in this case ran for approximately 4 months, and was then statutorily tolled when petitioner filed his 1507 application in the trial court in February[7], 2004. It began to run again on December 20, 2005, when McCormick's Petition for Review was denied, since his state post-conviction proceeding was no longer "pending." It ran for 97 days, before petitioner executed his federal Petition on March 27, 2006. The court estimates that at least 7 of the 12 months of the statutory period elapsed prior to initiation of this action.

Although the limitations period is tolled during the pendency in state court of a motion for post-conviction review, "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." Duncan v. Walker, 533 U.S. 167, 182-181 (2001); Rhines, 544 U.S. at 274-75. It follows that if the instant Petition is dismissed without prejudice for failure to exhaust, the limitations period will have continuously run from December 20, 2005. Absent further statutory or equitable tolling, the statute of limitations in this case might expire around August 20, 2006[8]. However, this is not a definitive date petitioner may rely upon.

The court has discussed the statute of limitations herein for two reasons. First, the court needed to determine that the

---

[7] Petitioner does not state the day on which the 1507 petition was filed. He will have to provide this specific information if timeliness becomes an issue.

[8] Exact dates cannot be provided because petitioner has not stated the date on which he filed his 60-1507 motion in state district court.

11

statute of limitations has not expired during the pendency of this action, and there is time for petitioner to return to state court to totally exhaust his claims. Second, the court wanted to forewarn petitioner, even though it is not required to, that should this action be dismissed for failure to exhaust, he must be vigilant and quickly file a proper motion for state court post-conviction review of his unexhausted claims in order to statutorily toll the running of the federal statute of limitations before it expires[9]. He must also be vigilant to file any future federal habeas petition before the limitations period expires or he may lose his right to have any of his claims reviewed on federal habeas corpus.

## FAILURE TO FILE 2254 PETITION ON FORMS

Rule 9.1(a) of the District of Kansas Rules of Practice and Procedure provides that habeas petitions filed pursuant to 28 U.S.C. 2254 "shall be on forms approved by the court and supplied without charge by the clerk of the court upon request." Petitioner's failure to utilize the court-provided forms for his Petition prevents the court from being able to determine which of his claims were presented to the appellate courts on direct appeal and which were presented on appeal of the denial of his 1507 petition. These questions are specifically asked on the form Petition. If petitioner chooses to amend his petition to state only the exhausted claims, he must file his amended Petition on the forms provided by the court answering all the

---

[9] In fact, petitioner is encouraged to immediately file such a motion.

questions fully on the forms with regard to each of his claims and using extra pages if necessary.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days to show cause why this action should not be dismissed because he is no longer in custody on the convictions he seeks to challenge.

**IT IS FURTHER ORDERED** that within the same thirty (30) days petitioner must show cause why this action should not be dismissed without prejudice for lack of total exhaustion of state court remedies, or in the alternative, amend his Petition to state exhausted claims only and submit his amended Petition upon forms provided by the court.

The clerk is directed to transmit forms for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 to petitioner with a copy of this Order.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge