```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DALE E. McCORMICK,**

                        Petitioner,

         v.                              CASE NO. 06-3098-SAC

**PHIL KLINE, et al.,**

                        Respondents.

## ORDER TO EXPAND THE RECORD

      This habeas corpus action, 28 U.S.C. 2254, is currently before the court upon respondents' Motion to Dismiss. In their motion, respondents assert that this court lacks jurisdiction because petitioner is not "in custody" on the 2001 Kansas convictions he seeks to challenge. For the district court to have jurisdiction over a § 2254 petition, the petitioner must be "in custody" under the conviction he is challenging when the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); see also 28 U.S.C. §§ 2241(c)(3) and 2254(a); Davis v. Roberts, 425 F.3d 830, 834 (10th Cir. 2005).

      The 2001 conviction Mr. McCormick seeks to challenge was entered in the District Court of Douglas County, Kansas, for possession of marijuana and obstruction of official duty in Case No. 00 CR 604. On February 14, 2001, petitioner was sentenced on these convictions to an underlying prison term of 11 months with 12 months probation. His prison term was suspended, and he was not imprisoned on his 2001 sentence. As noted in a prior Order, petitioner alleges he is "presently serving" a sentence of 195 months, which was imposed in Douglas County District Court,

Lawrence, Kansas, in April, 2004.  It would seem likely that Mr. McCormick served 12 months of unsupervised probation before he was charged with the new crimes underlying his 2004 convictions.  The KASPER inmate information sheet available on-line shows only the 2004 convictions as "active" and the basis for petitioner's current incarceration by KDOC.

The burden of establishing jurisdiction in the federal court is upon the party seeking relief in federal court. Respondents' Motion to Dismiss properly raises the question of whether or not this court has jurisdiction to hear petitioner's challenges to his 2001 Kansas convictions.  However, no specific state court records or factual allegations are proffered in support of respondents' statement that petitioner's 2001 sentence has expired.

Petitioner has filed a Traverse, in which he responds to the Motion to Dismiss with his own conclusory statements that no order has been entered in state court indicating his 2001 sentence was satisfied.  He argues his 2004 conviction was a violation of the terms of his 2001 probation; he must still have a term of probation or a violation term to serve; and under state law, his 2001 sentence is deemed consecutive to his 2004 sentence.  He thus suggests the conviction underlying the 2001 sentence is the first part of a consecutive series of sentences which he is still serving.

Being on probation, and subject to serving a suspended sentence if that probation is revoked, is sufficient custody for federal habeas corpus purposes.  However, Mr. McCormick was only sentenced to 12 months probation in 2001, and 12 months have

clearly passed since that state conviction became final. Petitioner does not provide or describe a notice of probation violation, an order of probation revocation, or a court order in the 2001 criminal case requiring he serve his previously suspended sentence[1]. Nor does petitioner provide a sentencing order from his 2004 criminal proceedings, or KDOC sentence computation sheets showing that his 2004 sentence was treated as consecutive to his 2001 sentence.

Respondent is given time and directed to expand the record with facts and documents in support of its contention that petitioner's 2001 sentence has expired, such as the 2001 sentence begins and expiration dates, whether or not petitioner was charged with violating his 2001 probation before the term expired, whether or not petitioner's 2001 sentence was calculated as consecutive to or in aggregate with his 2004 sentence, and whether or not an order has been entered or was required to be entered in Case No. 00 CR 604 when the 2001 sentence was satisfied.

Petitioner shall be given time and is directed to expand the record with facts and documents, such as those mentioned as not provided earlier herein, showing that his 2001 sentence of probation has not expired.

**IT IS THEREFORE ORDERED** that the parties are granted thirty (30) days in which to expand the record as directed herein.

**IT IS SO ORDERED.**

---

[1] Petitioner also makes the specious argument that this court already entered a finding in its show cause order (Doc. 5) that he is "in custody." However, the court did not find that Mr. McCormick is in custody under his 2001 conviction. Instead, as the court plainly stated, petitioner is currently in custody of the State of Kansas on his 2004 convictions, and his custody status on the 2001 sentence is not clear.

Dated this 8th day of March, 2007, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge