IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DALE E. McCORMICK,

Petitioner,

v.                              CASE NO.  06-3098-SAC

ATTORNEY GENERAL,
STATE OF KANSAS, et al.,

Respondents.

<u>MEMORANDUM AND ORDER</u>

On July 6, 2007, this court dismissed this pro se petition for
writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 finding that
it challenged petitioner's 2001 convictions and that he was not "in
custody" on those convictions.  This court declined to consider the
petition as also challenging petitioner's unrelated 2004 sentence
for reasons including that separate convictions must be challenged
in separate petitions and petitioner had plainly not exhausted state
remedies on any claims regarding his 2004 convictions.  The matter
is currently before the court upon petitioner's Motion for Relief
from Judgment (Doc. 50).  Having considered this motion, the court
finds that no grounds for relief are presented.


<u>PROCEDURAL HISTORY</u>

The procedural history of this case is unnecessarily long and
torturous, but is summarized here to facilitate an understanding of

1

the court's resolution of this matter.  In 2001, Mr. McCormick was tried on charges of obstruction of official duty and possession of marijuana, and a jury found him guilty.  He was sentenced to 12 months of probation with an underlying prison term of 11 months.  *See State v. McCormick*, 257 P.3d 351, *1 (Kan. App. 2011), *review denied* Jan. 6, 2012 (Kan.).

"Mr. McCormick filed a direct appeal, in which one of his many issues revolved around the right of self-representation and the right to have counsel."  *Id.*  The Kansas Court of Appeals (KCA) affirmed the convictions (*State v. McCormick*, No. 86,774 (Dec. 20, 2002)). The Kansas Supreme Court denied review, and on October 6, 2003, the U.S. Supreme Court denied Mr. McCormick's petition for writ of certiorari.

In February 2003, while out on appeal bond, Mr. McCormick committed several new crimes.

In February 2004,[1] Mr. McCormick filed a motion pursuant to K.S.A. 60-1507 in Douglas County challenging his 2001 convictions. The "[i]ssues regarding the right to self-representation and the right to have counsel were again raised in McCormick's motion."  *Id.* at *1 (citing *State v. McCormick*, 118 P.3d 715 (App. Ct. Case No. 92,497, unpublished)(Kan.App. Sept. 2, 2005), *rev. denied* 280 Kan. 988 (2005)).  The motion was denied without a hearing on April 21,

---

1    The exact day it was filed is not provided, and has been considered as February 1, 2004, for purposes of discussion in this motion only.

2004.  McCormick appealed, and the KCA affirmed.  *Id.*  The Kansas Supreme Court denied review on December 20, 2005.

The "record is unclear, but it appears that in 2004, McCormick went to jury trial" on his new crimes "and was convicted of aggravated kidnapping, aggravated burglary, and aggravated intimidation of a witness."  He was sentenced on April 15, 2004.  *State v. McCormick*, 257 P.3d 351 at 1* - 2*.  Mr. McCormick did not object at sentencing that the court had illegally enhanced his sentence with his 2001 convictions.  *Id.*

McCormick directly appealed his 2004 convictions, and the KCA affirmed.  *State v. McCormick*, 37 Kan.App.2d 828, 159 P.3d 194 (Kan.App. 2007) *rev. denied,* 284 Kan. 949 (Kan. Sept. 27, 2007).  However, he did not raise the issue of an illegally enhanced sentence on direct appeal.  *See State v. McCormick*, 257 P.3d 351 at *3.

On March 27, 2006, while serving the sentence on his 2004 convictions, Mr. McCormick executed the federal habeas petition filed in this case, which on its face challenged his 2001 convictions only.  The court screened the petition and ordered petitioner to show cause why it should not be dismissed for two reasons.  The first reason was that he was no longer "in custody" on his 2001 convictions. The second was that he had not exhausted state court remedies on some of the challenges to his 2001 convictions, such as prosecutorial misconduct.  Mr. McCormick was given the opportunity to amend his petition to omit his unexhausted claims.  Memorandum and Order (Doc.

2).

In this initial order, this court also discussed the one-year statute of limitations for federal habeas petitions and its application to this case. *Id.* at 10-12. Mr. McCormick was forewarned that while the limitations period is tolled during the pendency of a pertinent state post-conviction action, it is not tolled during the pendency of a federal habeas action.[2] He was also warned, based upon the tentative facts set forth in that Memorandum and Order, that the limitations period could expire around August 20, 2006. He was "encouraged to immediately file" a "proper motion for state court post-conviction review of his unexhausted claims in order to statutorily toll the running of the federal statute of limitations before it expires." *Id.* at 12.

Mr. McCormick responded by filing an Amended Petition raising only exhausted claims and a response arguing that he was in custody on his 2001 convictions. Respondents were ordered to show cause and filed a motion to dismiss based on the ground that petitioner was not in custody on his 2001 convictions. Petitioner filed a traverse. The court ordered both parties to expand the record on the custody issue and both filed responses. *McCormick v. Kline*, 2007 WL 781217

---

2    The court noted that Mr. McCormick's 2001 convictions were "final" and the federal statute of limitations began to run when the U.S. Supreme Court denied cert. on October 6, 2003. The limitations period ran for approximately 4 months before it was tolled by petitioner's filing of his 60-1507 motion in state court. Once this state post-conviction proceeding was closed, which was on December 20, 2005, it began running again with approximately 8 months remaining.

(D.Kan. Mar. 8, 2007).

In its unpublished opinion disposing of this case, the court summarized the three exhausted claims raised by petitioner in his Amended Petition.  *McCormick v. Kline*, 2007 WL 2010857, *2 (D.Kan. July 6, 2007).  The first was that he never validly waived counsel in his 2001 criminal proceedings, the second was that the statute defining his 2001 obstruction offense was overbroad and vague, and the third challenged the jury instructions on obstruction.  *Id.*  The court then addressed the threshold issue of whether or not petitioner had established that he was "in custody" on his 2001 convictions at the time he filed this federal petition.  *Id.* at *3.  It found that Mr. McCormick had not established that he remained "in custody" on his 2001 convictions.  On July 6, 2007, without considering the merits of petitioner's three claims, this court "dismissed the petition on the ground that McCormick is no longer in custody for the 2001 convictions he challenges and thus (the) court lacked jurisdiction to hear his claims."  *See McCormick v. Kline*, 572 F.3d 841, 844 (10th Cir. 2009).

In its final opinion, this court acknowledged that Mr. McCormick had stated in a footnote in his Amended Petition that he "in part" also challenged his 2004 sentence and that his 2001 convictions were uncounseled and thus unlawfully used to enhance his 2004 sentence. However, this court declined to liberally construe this petition as asserting a challenge to Mr. McCormick's 2004 sentences after having

5

previously informed petitioner that he must file a separate petition to challenge separate convictions and for two other main reasons. First, the three claims he set forth as grounds in his Amended Petition did not go to his 2004 convictions. Second, he could not challenge his 2004 sentence in this petition because he had not fully exhausted state court remedies on his 2004 convictions. The court noted that the direct appeal of his 2004 convictions was pending at the time in state court. *McCormick v. Kline*, 2007 WL 2010857, at *3. Thus, this court never construed this petition as effectively raising any challenge to Mr. McCormick's 2004 sentence or convictions and did not dismiss any such claim for failure to exhaust.

Mr. McCormick appealed to the Tenth Circuit Court of Appeals, and that Court affirmed "the district court's dismissal of the petition." *McCormick v. Kline*, 572 F.3d at 844. However, the Tenth Circuit construed the Amended Petition as raising challenges not only to McCormick's 2001 convictions, but to his 2004 sentence as well, finding that "it may be fairly read as 'asserting a challenge to the [later] sentence[], as enhanced by the allegedly invalid prior conviction." *Id.* at 852. The Tenth Circuit further found that McCormick had not objected to the enhancement at sentencing, and on direct appeal of his 2004 convictions "did not challenge his 2004 sentence, nor, more particularly, that sentence's enhancement by the effect of his 2001 convictions . . . ." *Id.* They concluded that "McCormick had not met the threshold prerequisite[] for a Lackawanna

claim of exhaustion," and thus they did not need to "reach the merits

of his argument that he is in custody pursuant to one of the Lackawanna

exceptions."[3]  *Id.*  The court reiterates for emphasis that it ruled

that Mr. McCormick was not "in custody" on his 2001 convictions at

the time he filed his federal petition and sustained respondents'

motion to dismiss on that basis.


## POST-JUDGMENT MOTION

---

3     On August 14, 2009, McCormick filed a pro se motion to correct illegal
sentence in the state trial court.  In this motion, he asserted that the sentence
in his 2004 case should have been ordered to run consecutive to the sentences in
his 2001 case.  On October 27, 2009, he filed a second motion to correct illegal
sentence.  In this motion, he contended for the first time in state court that
the sentence in his 2004 case was illegal because it was enhanced by his 2001
convictions.  This was over two years after his 2004 convictions became "final."

     On March 30, 2010, the district filed its journal entry addressing both
motions.  The court denied McCormick's first motion because his probation was
complete at the time of sentencing for his second case and it was therefore
impossible to run his second sentence consecutive to his probation.  The court
denied McCormick's second motion based on res judicata, finding the Kansas
"appellate courts had already determined that McCormick knowingly and voluntarily
waived his right to representation by counsel in his (2001) case when he decided
to represent himself."  *State v. McCormick*, 257 P.3d 351 at *2.

     McCormick appealed to the KCA.  The KCA found several reasons to affirm the
district court's denial.  First, they found that Mr. McCormick had not provided
the court with the record to support his claim that his 2004 sentence was illegally
enhanced, and that "[w]ithout such a record, the claim of alleged error fails."
*Id.* at *3.  They also noted "it was unclear if the district court even relied on
(the 2001) convictions to enhance" the 2004 sentence.  *Id.*  "In addition" the KCA
found that "McCormick is attempting to challenge the constitutionality of the
conviction in his first case," but "cannot use a motion to correct an illegal
sentence as a substitute for an issue that should have been raised in his direct
appeal."  *Id.*  They further found that "because the definition of an illegal
sentence does not encompass violations of constitutional provisions, a defendant
may not challenge a sentence on constitutional grounds under K.S.A. 22-3504."  *Id.*
Lastly, the KCA ruled that on direct appeal they had "already determined that
McCormick knowingly and voluntarily waived his right to representation," and
"[b]ecause this court has already determined that McCormick's first conviction
was constitutionally valid, he cannot now assert that it was unconstitutional in
order to have his sentence in his second case deemed illegal."  *Id.* at 3.  The
Kansas Supreme Court denied review on January 6, 2012.

This matter is presently before the court upon petitioner's Motion for Relief from Judgment filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[4]  "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. U.S.*, 952 F.2d 1241, 1243-44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)(citing *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).  A Rule 60(b) motion is not a vehicle to reargue the merits of the underlying judgment or to advance new arguments which could have been presented in the petitioner's original filings.  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Nor is it a substitute for an appeal.  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996)(Rule 60(b) is not intended to be a substitute for appeal); *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005)(citing *Cummings v. General Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004))("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.").  The Tenth Circuit's discussion of Rule 60(b) motions in *Johnston v. Cigna Corp.*, 14 F.3d

---

4    Although it is questionable that petitioner intends to raise nothing other than a procedural issue in this motion, a "habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Here petitioner's claim regarding his 2004 sentence was not adjudicated as it was found to be unexhausted.  Accordingly, this motion is not construed as an attempt to file a second and successive application on that claim.

486, 493 (10th Cir. 1993) is pertinent here:

> The power of the courts to reopen final judgments under
> Rule 60(b) is narrow and subscribed.     Under  Rule
> 60(b)(1)-(5), the courts may only reopen cases for those
> reasons specifically enumerated, and reasons (1), (2), and
> (3) are limited to motions made within one year of final
> judgment.[5]  Although Rule 60(b)(6) allows motions that are
> made within a reasonable time and allows relief "for any
> other reason justifying relief," this subsection has been
> narrowed by case law to apply only in extraordinary
> circumstances.

*Id.; Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).  The party seeking
relief from a judgment bears the burden of demonstrating that he
satisfies the prerequisites for such relief.  *Van Skiver*, 952 F.2d
at 1243-44.

Petitioner's motion filed in this court should attack the
judgment of this court.  The judgment of dismissal by this court is
that entered on July 6, 2007.  That judgment did not include an order
that any claim regarding petitioner's 2004 sentence or convictions
was dismissed for failure to exhaust.  The "law of the case" may have
been changed by the Tenth Circuit when they construed the petition
as including a claim regarding petitioner's 2004 sentence.  Thus,
it is not clear that this court's judgment is the one petitioner seeks
to attack.

However, it is clear that Mr. McCormick is not entitled to relief
from this court's judgment of dismissal based upon the allegations
in his motion.  As framed by Mr. McCormick, this motion is brought

---

[5]    Petitioner filed the instant motion on February 17, 2012, over 5 years after
this court's judgment was entered.

under Rule 60(b)(5) and Rule 60(b)(6).  Rule 60(b)(5) provides for relief from a final judgment where "applying it prospectively is no longer equitable."  Rule 60(b)(6) provides for relief from judgment for "any other reason that justifies relief."  Mr. McCormick claims that he is entitled to relief under Rule 60(b)(5) as a result of his subsequent exhaustion of state court remedies, and that his exhaustion "amounts to other reason justifying relief" under subsection (b)(6).  He asserts that this court should grant this motion and proceed to a determination of the merits of the constitutional claims in his Amended Petition.

    As the factual basis for this motion, Mr. McCormick mainly alleges that the Tenth Circuit rejected his argument that he was entitled to an exception to the "in custody" requirement because he had not met the exhaustion prerequisite to this exception, and that he is entitled to relief from "this conclusion" because "the claim in question has now been exhausted."  He also alleges and argues that it is "immutable" and "undeniable that the 'convictions' in (his 2001) criminal case were obtained without a valid waiver of counsel" and were impermissibly "used to enhance the sentence in (his 2004 case)," that "all statements to the contrary are false," and that this claim is meritorious and entitles him to the Lackawanna exception to the in custody requirement.  In addition, he argues that the two other claims he raised in his Amended Petition "are equally meritorious."  Based on these statements and arguments, he asserts

10

that "an erroneous legal judgment would be left uncorrected" if his motion is not granted.

Most of petitioner's allegations and arguments are simply repetitions regarding the "underlying merits" of the 3 claims raised in his Amended Petition.  As noted, a Rule 60(b) motion is not a vehicle to reargue merits.  Many of movant's allegations are nothing more than conclusory statements that entitle him to no relief.  None are facts establishing either that this court's judgment must be modified or that exceptional circumstances exist, which entitle Mr. McCormick to relief from this court's judgment.

Mr. McCormick is clearly not entitled to relief under subsection (5) of Rule 60(b).  By its very terms, Rule 60(b)(5) allows relief from the operation of a judgment when "it is no longer equitable" to give the judgment "prospective application." *Zimmerman v. Quinn*, 744 F.2d 81, 82 (10th Cir. 1984).  This court's judgment in this case had no prospective effect to which subsection (b)(5) could apply.  *See Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138-39 (D.C. Cir. 1988)(judgment from which relief is sought under Rule 60(b)(5) must have prospective effect, in that it is executory or involves supervision of changing conduct or conditions); s*ee e.g. Lee v. Talladega County Bd. of Educ.*, 963 F.2d 1426, 1433 (11th Cir. 1992).  The judgment of dismissal in this case was for failure to establish the "in custody" prerequisite and was affirmed on appeal. There was nothing executory in this judgment.   No continuing

enforcement or court supervision was ordered.  Mr. McCormick was not required to take any action in the judgment.  There certainly is nothing in this dismissal that must be modified or terminated due to changed conditions that have made compliance too onerous.  *See Schwartz v. U.S.*, 976 F.2d 213 (4th Cir. 1992), *cert. denied* 507 U.S. 919 (1993).

Mr. McCormick refers to the "finding of lack of exhaustion of state remedies" and argues that this finding "has been rendered incorrect by intervening events."  However, the judgment was in no way incorrect.  It is not enough to show that there have been changed circumstances.  *Frew v. Hawking*, 401 F.Supp.2d 619, 630 (E.D. Tex. 2005), *aff'd* 457 F.3d 432 (5th Cir. 2006), *cert. denied* 507 U.S. 1118 (2007).  Instead, the movant must also show that those circumstances are affecting his ability to comply with the judgment or the workability of the enforcement of the judgment.  *Id.*  Mr. McCormick describes no adverse impact upon him whatsoever as a result of the judgment.  Nor does he explain how any circumstances occurring since the judgment have produced such hardship that its application has been rendered inequitable.  That Mr. McCormick would exhaust state court remedies on his 2004 sentence after this court noted and the Tenth Circuit held that he had not, was a fully anticipated consequence of the rulings and judgment in this case.  However, he was not ordered to exhaust.  The judgment simply dismissed the petition without prejudice.  See *United States v. California,* 507

U.S. 746, 756 (1993)("A dismissal without prejudice terminates the action and 'concludes the rights of the parties in that particular action.'" (citation omitted).  Mr. McCormick is not prevented by the court's judgment from filing another federal habeas corpus petition that may be treated as his first challenging his 2004 convictions. In sum, Mr. McCormick fails to show that Rule 60(b)(5) has any application to the judgment of dismissal in this case.[6]

Mr. McCormick also utterly fails to identify any "extraordinary circumstances" that entitle him to relief from judgment under Rule 60(b)(6).  Certainly, his having exhausted state remedies after his federal habeas petition was dismissed without prejudice does not qualify as extraordinary.[7]  "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief."  *Davis v. Kansas Dept. of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007).  Denial of Mr. McCormick's motion will not

---

6    If petitioner is arguing that this court must now revisit his assertion that he was "in custody" on his 2001 convictions at the time he filed this petition because he has since exhausted his claim that his 2004 sentence was illegally enhanced, the court rejects this argument.  Neither of Mr. McCormick's 2001 convictions has been judicially declared to be invalid either on direct appeal or in a post-conviction proceeding.  Indeed, the trial court and state appellate courts rejected his claim that his 2004 sentence was illegally enhanced on res judicata grounds based on contrary findings regarding his 2001 convictions.  This court also rejected petitioner's claim that his 2001 convictions were uncounseled for reasons stated in its prior orders in this case based upon petitioner's allegations and the record presented by the parties.  *McCormick v. Kline*, 2007 WL 2010857 at *4-*6.

7    Every other state inmate whose federal habeas petition was dismissed by this court for failure to exhaust state remedies and who subsequently returned to state court after full exhaustion, has next come to federal court by following the proper procedure of filing a new federal habeas corpus petition setting out his or her claims and showing that those claims have been exhausted.

offend justice, as he remains free to file a new federal habeas corpus petition.

Mr. McCormick once again over-complicates the judicial process by attempting to accomplish by improper means, what he could much more surely and simply have presented by appropriate means.  It naturally leads one to wonder what purpose he believes might be served by pursuing this rogue and unlikely-to-succeed approach.  Because Mr. McCormick takes such a novel approach, he cannot present and the court has not uncovered a case that supports his position.  In analogous circumstances that seem contrary to his position, when a habeas petitioner seeks to file a new petition after having exhausted it does not "relate back" to his earlier petition that was dismissed for failure to exhaust.  *Marsh v. Soares*, 223 F.3d 1217, 1219 (10th Cir. 2000).[8]  The court suspects from movant's arguments regarding diligence that he fears his claim(s) may be time-barred if submitted

---

8    As the court in *Marsh* explained:

> "[I]f § 2244(d) were interpreted as Petitioner argues, the result would be impractical.  A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice.  He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies before returning to federal court to 'continue' his federal remedy, without running afoul of the statute of limitations."  Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes. . . .

We therefore join with all the circuit courts which have addressed this issue, and hold that a habeas petition filed after a previous petition has been dismissed without prejudice for failure to exhaust does not relate back to the earlier petition.  (Citations omitted).

in a new federal habeas corpus petition.  That fear is well-founded.[9] However, it does not excuse him from adhering to proper procedure and does not render his improper efforts effective.  Mr. McCormick cannot avoid the statute of limitations by presenting his claims as exhausted in a motion for relief from judgment that contains no valid grounds for relief under Rule 60(b).

    This court repeats for emphasis that it found in this case from the record before it that Mr. McCormick's claim that his 2001 convictions were uncounseled in such a way that he must be allowed to challenge them despite his no longer being "in custody" on those convictions lacked factual merit.  The Tenth Circuit affirmed this court's dismissal of McCormick's claims challenging his 2001 convictions, finding that he had not shown his entitlement to a Lackawanna exception to the "in custody" prerequisite.  The Tenth Circuit may have re-set the law of this case with regard to Mr. McCormick's 2004 sentence when it held that a claim as to his 2004 sentence was presented in the petition but could not be decided because it was not exhausted.  If Mr. McCormick can show in a new federal habeas petition submitted on forms that any challenges to

_____

        9    The unfortunate truth is that petitioner, by proceeding improperly to raise claims in federal court without having first exhausted state court remedies and continuously rewriting those claims in an effort to remain in federal court, now faces a time-bar as to his 2004 convictions and sentence.  Here, as petitioner was warned early on, the one-year limitation period continued to run unabated all the while this federal habeas action was pending.  Mr. McCormick is a well-practiced, articulate pro se litigator of uncommon intelligence and persistence.  This court would be hard-pressed to find that he improperly proceeded herein purely out of ignorance.

his state court convictions or sentences for which he is currently in custody have been fully exhausted, are not procedurally defaulted, and should not be treated as time-barred, the court will fully consider the merits of such claims.

In the event that Mr. McCormick seeks to appeal this matter, the court finds no constitutional issue presented by the denial of this post-judgment motion and denies a certificate of appealability.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Relief from Judgment (Doc. 50) is denied.

**IT IS SO ORDERED.**

Dated this 13th  day of September, 2012, at Topeka, Kansas.




**s/Sam A. Crow**
**U. S. Senior District Judge**